**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 15, 2019

**By ECF & Electronic Mail**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:     *United States v. Christian Dawkins and Merl Code.*, S1 17 Cr. 684 (ER)

Dear Judge Ramos:

The Government respectfully submits the following in advance of the anticipated *voir dire* of prospective jurors in the above-captioned case.  In addition to the Court's standard examination of prospective jurors, the Government respectfully requests that the Court question prospective jurors about issues unique to the facts of this case.  Many of the questions requested below are materially similar to the questions posed by the Honorable Lewis A. Kaplan during the *voir dire* in *United States v. Gatto et al.*, 17 Cr. 686 (LAK), a related case similarly addressing corruption in college basketball.

Specifically, the Government respectfully requests that the Court pose the following questions as part of the jury selection process:

1. During this trial you will hear evidence concerning amateur college athletics, specifically men's college basketball.  Does anything about the fact that the charges in this case relate to amateur college athletics, and specifically men's college basketball, make it difficult for you to be fair an impartial in this case?

2. Do you closely follow any college sports? If so, which sports and which colleges/teams do you follow?

3. Are you familiar with the National Collegiate Athletic Association, commonly referred to as the NCAA?  Does anything about the fact that certain of the conduct at-issue in this trial is alleged to have violated NCAA rules make it difficult for you to be fair and impartial in this case?

4. Do you have any views or opinions regarding whether amateur college athletes should be compensated for their athletic ability while still in college?  Is there

anything about your views on that subject that would make it difficult for you to be fair and impartial in this case?

5. Have you or any other member of your household ever participated in college athletics? If so, in which sport did you compete and for which college or university? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

6. Have you or any other member of your household ever participated in coaching an amateur athletics team, including any middle school, high school, amateur travel team, or college team? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

7. As I previously described, the Government alleges in this case that certain universities were the victims of the crimes that are charged in the Indictment. Is there anything about the fact that universities are alleged to be the victims of the charged crimes that would make it difficult for you to be fair and impartial in this case?

8. The Government alleges in this case that the universities that were victims of certain of the crimes charged in the Indictment were the University of South Carolina, Oklahoma State University, the University of Arizona, the University of Southern California, Creighton University, and Texas Christian University. Do you or any other member of your household have any affiliation or connection to any of those universities? If so, is there anything about that affiliation or connection that would make it difficult for you to be fair and impartial in this case?

9. Have you or any other member of your household ever worked for a university or college? If so, in what capacity were you or the other members of your household employed? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

10. Have you or any other member of your household ever worked in the sports industry? If so, in what capacity were you or the other members of your household employed? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

11. Certain of the evidence that you are likely to hear in this trial comes from wiretaps of telephones and search warrants of electronic devices and email accounts that were authorized by a federal judge. I am instructing you that all of this evidence was lawfully obtained and may properly be used at this trial. Is there anything about the fact that certain of the evidence was obtained from judicially authorized wiretaps and search warrants that would make it difficult for you to be fair and impartial in this case?

12. Before today, have you read, seen or heard anything about an investigation conducted by the Federal Bureau of Investigation and/or the U.S. Attorney's Office for the Southern District of New York regarding college basketball, or about the specific charges brought in this case?  *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

    a.  From whom did you hear about the case? (e.g., a friend, the newspaper, television)  What did you hear/read/see?

    b.  Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendants that might make it difficult for you to be a fair and impartial juror in this case?

In addition, the Government respectfully requests that the Government provide the following description of the charges at the outset of *voir dire*:

This is a criminal case. There are two defendants in this case, Christian Dawkins and Merl Code.

The charges in this case relate to an alleged scheme to pay bribes to certain men's college basketball coaches employed by particular universities.  The Government alleges that in exchange for the bribe payments provided by the defendants and others that they were working with, these coaches agreed to and did exert their influence over the student-athletes that they coached to retain the services of the bribe payers.  (*See* Indictment ¶ 1).

The Indictment contains six counts.

Count One of the Indictment charges both Mr. Dawkins and Mr. Code with participating in a conspiracy to give and offer bribes to agents of federally funded organizations – specifically men's college basketball coaches employed by certain federally funded universities.  Specifically, the Government alleges that Mr. Dawkins, Mr. Code, and others agreed to offer, pay and facilitate the payment of bribes to these men's college basketball coaches, intending to influence and reward those coaches in connection with the business of their universities. (Indictment ¶ 45).  I will define what some of those terms mean under the law at the conclusion of this trial when I instruct you on the law.

Count Two of the Indictment charges both Mr. Dawkins and Mr. Code with the substantive crime of giving and offering bribes to agents of federally funded organizations, specifically certain men's college basketball coaches employed by certain federally funded universities.  Specifically, the Government alleges that Mr. Dawkins offered and paid bribes to multiple men's college basketball coaches, including as facilitated by Mr. Code, intending to influence and reward those coaches in connection with the business of their universities.  (Indictment ¶ 45).

Count Three of the Indictment charges both Mr. Dawkins and Mr. Code with participating in a conspiracy to commit honest services wire fraud, in connection with their alleged participation in a scheme to make bribe payments to certain men's college basketball coaches employed by certain universities in order to deprive those universities of their right to the honest services of their employees. (*See* Indictment ¶ 48).  Specifically, the Government alleges that Mr. Dawkins, Mr. Code, and others agreed to and did deprive the University of South Carolina, Oklahoma State University, the University of Arizona, the University of Southern California, Creighton University, and Texas Christian University of their respective right to the honest services of their employees.  I will define what some of those terms mean under the law at the conclusion of this trial when I instruct you on the law.  For now, let me just say that when an employee of a business or organization takes an action on behalf of a person or entity at least in part because of a concealed bribe, the employee may have breached his duty to his employer.  Thus, the employer is not receiving what it expects and is entitled to, namely, its right to its employee's honest and faithful services.  I will discuss this concept in more detail when I instruct you on the law at the end of the trial.

Count Four of the Indictment charges solely Mr. Dawkins with the substantive crime of honest services wire fraud, in connection with his alleged participation in a scheme to make bribe payments to a men's college basketball coach, Lamont Evans, in order to deprive the University of South Carolina and Oklahoma State University, respectively, of their rights to the honest services of their employee.

Count Five of the Indictment charges solely Mr. Dawkins with the substantive crime of honest services wire fraud, in connection with his alleged participation in a scheme to make bribe payments to a men's college basketball coach, Emanuel Richardson, in order to deprive the University of Arizona of its rights to the honest services of its employee.

Finally, Count Six of the Indictment charges both Mr. Dawkins and Mr. Code with participating in a conspiracy to violate a law called the Travel Act, which generally speaking makes it a crime to travel in interstate commerce or use a facility of interstate commerce to promote, manage, establish, carry on or facilitate certain specific crimes, including the crime of commercial bribery. (*See* Indictment ¶ 55).  Specifically, the Government alleges that Mr. Dawkins, Mr. Code, and others agreed to offer bribes to specific men's college basketball coaches – in particular Lamont Evans, Emanuel Richardson, and Anthony Bland – in violation of specific state commercial bribery statutes.

The defendants deny all of the charges, and they've each entered a plea of not guilty. That's why we are having a trial.

Finally, on or before Friday, April 19, 2019, the Government will provide a list of relevant witnesses, individuals, entities, and locations that the Government respectfully requests the Court incorporate into its *voir dire* of prospective jurors in order to ensure that none of the prospective jurors have personal familiarity or knowledge with respect to these individuals, entities, or locations that would impact on their ability to render a fair and impartial verdict.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____/s/_____
Robert L. Boone/Noah Solowiejczyk/
Eli J. Mark
Assistant United States Attorneys
(212) 637-2208/2473/2431

cc: Defense Counsel (by ECF and e-mail)